# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL A. BUTLER,

            Plaintiff,

v.                                             Case No. 08-C-1106

RYAN J. SCHRIEBER, ANGEL SILVA, URIEL ARENAS,
TODD GRAY, JOHN DOE 101, JOHN DOE 102, and
JOHN DOE 104,

            Defendants.

## DECISION AND ORDER

      The plaintiff, Paul A. Butler, who is incarcerated at Oakhill Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a decision and order dated September 21, 2009, and modified on September 22, 2009, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* and screened the plaintiff's amended complaint. The plaintiff was allowed to proceed on Fourth Amendment and conspiracy claims against defendants Schrieber, Soto, Gray, Arenas, John Doe 101, John Doe 102, and John Doe 104. Now before the court are three motions to dismiss that have been filed by various defendants.

      Defendants CEC Entertainment, Inc. and John Doe 104 filed a motion to dismiss. They argue (1) that the plaintiff failed to properly serve John Doe 104, (2) that the plaintiff did not properly serve CEC Entertainment, Inc., and (3) that the court properly dismissed the plaintiff's claim against CEC Entertainment, Inc. Defendants Ryan Schrieber, Angel Silva,[1] John Doe 101, and John Doe 102 have filed two motions to dismiss the plaintiff's amended complaint for lack of personal jurisdiction and

---

[1] The defendants have advised the court that defendant Angel Silva was incorrectly identified as Angel Soto in the plaintiff's amended complaint. The court will update the caption and the docket to reflect that the defendant's name is Angel Silva, not Angel Soto.

insufficient service of process. As of the date of this decision and order, the court has not received a response from the plaintiff regarding any of these motions.

First, the court will address the motion by CEC Entertainment, Inc. In the decision and order dated September 21, 2009, the court dismissed the plaintiff's claims against CEC Entertainment, Inc., which is no longer a party to this action. Thus, the motion to dismiss on behalf of CEC Entertainment, Inc. will be denied as moot.

Second, because defendants Ryan Schrieber and Angel Silva have been sued under § 1983 in their individual capacities, service on their employer or an agent for service of process for their employer is insufficient. However, rather than dismiss the complaint, the court will direct the Clerk of Court to issue new summonses for defendants Ryan Schrieber and Angel Silva. Further, the court will direct the U.S. Marshal to serve the summonses on Ryan Schrieber and Angel Silva personally, not through their employer.

Third, the court will not dismiss the plaintiff's claims against John Doe 101, John Doe 102, or John Doe 104 for failure to effect proper service. Recently, the Seventh Circuit Court of Appeals reiterated the principles that govern the situation where a prisoner does not know the names of the defendants being sued:

> Ordinarily a tort victim who does not know who the tortfeasor is cannot sue. To know that one has been injured tortiously but not by whom is a ground for tolling the statute of limitations, but it is not a ground for filing suit before the plaintiff knows who injured him and who therefore should be named as the defendants. But this is not an ordinary case. Billman is a prison inmate. His opportunities for conducting a precomplaint inquiry are, we assume, virtually nil. . . . Even without doing any investigating, Billman knew enough to know that a terrible thing had been done to him. But he did not know enough to identify the culprits or to determine whether they had the confluence of knowledge . . . and power . . . necessary to hold them liable for inflicting a cruel and unusual punishment.

2

> We do not think that the children's game of pin the tail on the donkey is a proper model for constitutional tort law. If a prisoner makes allegations that if true indicate a significant likelihood that some one employed by the prison system has inflicted cruel and unusual punishment on him, and if the circumstances are such as to make it infeasible for the prisoner to identify that some one before filing his complaint, his suit should not be dismissed as frivolous. The principle is not limited to prisoner cases. It applies to any case in which, usually because the plaintiff has been injured as the consequence of the actions of an unknown member of a collective body, identification of the responsible party may be impossible without pretrial discovery. . . . Of course, eventually the plaintiff must discover the names of the defendants in order to serve summonses on them and thus establish the court's personal jurisdiction, without which the suit must be dismissed. But his initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit. Dismissal would gratuitously prevent him from using the tools of pretrial discovery to discover the defendants' identity.
>
> Our point is not that Billman should be given a break because he lacks legal skills. Or that his complaint should, like any complaint governed by the Federal Rules of Civil Procedure, be read generously. . . . Our point is that because Billman is a prisoner he may not be in a position to identify the proper defendants, or all of them, in his complaint. . . . We think it is the duty of the district court to assist him, within reason, to make the necessary investigation.

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821-22 (7th Cir. 2009) (quoting *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789-90 (7th Cir. 1995)).

It would be premature for the court to dismiss the plaintiff's claims against the John Doe defendants at this time. Even if the court were to dismiss the plaintiff's claims against these defendants, any such dismissal would be without prejudice and, therefore, subject to reinstatement if and when the identities of the John Does were discovered. Instead, the court will provide the plaintiff with an opportunity to discover the identities of John Doe 101, John Doe 102, and John Doe 104.

At this time, the court does not have evidence of any attempts by the plaintiff to use discovery to identify the John Doe defendants and, thus, will use this opportunity to advise the plaintiff to do so. The plaintiff does not have an unlimited amount of time to complete the task of identifying and

serving the John Doe defendants. The plaintiff shall advise the court if/when he identifies the John Doe defendants so that the U.S. Marshal can effect service.

Even if the plaintiff is unsuccessful in his attempts to identify and serve the John Doe defendants, it is the court's duty to assist him in doing so. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation."). Because the court will become involved if the plaintiff is unable to identify the John Doe defendants, the court cautions the defendants to cooperate with the plaintiff in his quest to identify John Doe 101, John Doe 102, and John Doe 104.

## ORDER

**NOW THEREFORE IT IS ORDERED** that defendants' motion to dismiss (Docket #17) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Docket #20) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Docket #31) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket in this case to reflect that the correct name for the defendant identified as Angel Soto is Angel Silva;

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue new summonses for the following defendants: Ryan Schrieber and Angel Silva;

**IT IS FURTHER ORDERED** that the United States Marshal shall personally serve a copy of the complaint, the summons, and the September 21, 2009, screening order upon defendants Ryan Schrieber and Angel Silva pursuant to Federal Rule of Civil Procedure 4.

Dated at Milwaukee, Wisconsin this 20th day of January, 2010.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge